**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4601**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

RICKEY LEE MILLER, JR.,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00038-CCE-1)

———————————

Submitted: March 17, 2015           Decided: April 1, 2015

———————————

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rickey Lee Miller, Jr., pled guilty to failure to appear for sentencing, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii) (2012). The district court calculated Miller's Guidelines range at 10 to 16 months' imprisonment, U.S. Sentencing Guidelines Manual (2013), and sentenced Miller to 14 months' imprisonment.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Miller's guilty plea and abused its discretion in imposing sentence. Miller was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

Because Miller did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by

showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Miller's guilty plea and that the court's omissions did not affect Miller's substantial rights. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact and that Miller entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Miller's guilty plea.

Turning to Miller's sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on

3

clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and heard allocution from Miller. The court explained that the 14-month sentence was warranted in light of the nature and circumstances of Miller's offense conduct, his history and characteristics, and the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Miller does not offer any grounds to rebut the presumption on appeal that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Miller.

4

Finally, in accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and amended judgment. This court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review. If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5